747 So.2d 853 (1999)
Carl ZIMMERMAN, Appellant,
v.
THREE RIVERS PLANNING AND DEVELOPMENT DISTRICT; Three Rivers Solid Waste Management Authority; Ronald E. Bell, as Administrator of Lee County and as Chairman of Three Rivers Solid Waste Management Authority; Mississippi Department of Environmental Quality, Appellees.
No. 97-CA-01597-COA.
Court of Appeals of Mississippi.
April 6, 1999.
Rehearing Denied July 27, 1999.
*854 Carl Zimmerman, Appellant, pro se.
Trudy D. Fisher, Tommie Sullivan Cardin, William J. Cole, Iii, Jackson, Michael N. Watts, Oxford, Chuck D. Barlow, Attorneys for Appellees.
BEFORE BRIDGES, C.J., SOUTHWICK AND DIAZ, JJ.
*855 DIAZ, J., for the Court:
¶ 1. Carl Zimmerman appeals a November 10, 1997 order of the Pontotoc County Circuit Court granting summary judgment in a garbage collection fee dispute to the Three Rivers Planning and Development District ("the PDD"), the Three Rivers Solid Waste Management Authority ("the Authority") and Ronald E. Bell, County Administrator of Lee County and Chairman of the Three Rivers Solid Waste Management Authority, and denying Zimmerman's motion for a default judgment. Zimmerman also challenges the circuit court's November 10, 1997 dismissal of his amended complaint against the Mississippi Department of Environmental Quality ("the DEQ").[1] In the interest of clarity, this Court has restated his assignments of error and consolidated those which raise similar issues. Zimmerman, in his thinlyveiled challenge to the Permit Board's grant of a landfill permit to the Authority in Pontotoc County, now asserts that 1) various pleading in the case below were made by an attorney who was not designated an attorney of record in this case; 2) attorneys for the Department of Environmental Quality engaged in improper ex parte communications with the circuit court judge; 3) neither the Three Rivers Planning and Development District nor the Three Rivers Solid Waste Management Authority are properly created agencies of government; 4) a hearing should have been held to determine the correctness of the Attorney General's opinion that the PDD is a private corporation and thus, not subject to the Mississippi Public Records Act of 1983; 5) a Special Master should have been appointed to investigate Zimmerman's claims against the Authority and the PDD; 6) both the PDD and the Authority have culpability in this matter; 7) Zimmerman has standing to challenge contracts entered into by the PDD and the Authority, as well as "to prosecute improbities in office;" 8) Ronald Bell's positions as both Chairman of the Authority and County Administrator of Lee County are contrary to the separation of powers provisions of the Mississippi Constitution; 9) Zimmerman is not precluded from bringing this action by his failure to request a formal hearing before the Permit Board or to appeal the Board's decision to chancery court; and 10) the defendants in this case were not entitled to summary judgment; rather, Zimmerman was entitled to the relief he sought, including, but not limited to dissolution of the Authority and the PDD and other units of government involved in the collection and disposal of nonhazardous solid waste. Finding no merit in the various assignments of error raised, we affirm the orders of the circuit court.

FACTS
¶ 2. The Three Rivers Solid Waste Management Authority was established by Pontotoc, Calhoun, Itawamba, Lafayette, Lee, Monroe and Union Counties pursuant to Miss.Code Ann. § 17-17-227 (Rev.1996). The Authority's Solid Waste Management Plan was approved on September 3, 1993 by the Commission on Environmental Quality. On December 14, 1993, the Mississippi Environmental Quality Permit Board ("Permit Board") issued a permit to the Authority for construction and management of the Three Rivers Regional Landfill in Pontotoc County. At the request of the Don't Waste Pontotoc Committee, the Permit Board held a formal evidentiary hearing on the matter and voted unanimously to affirm the issuance of the permit on March 8, 1994. There was no appeal of that decision to the chancery court and the decision was made final by *856 operation of law. Miss.Code Ann. § 49-17-29(b)(4)(Supp.1998).
¶ 3. By letter dated May 21, 1993, Carl Zimmerman, who long opposed the plan to locate a landfill in Pontotoc County, notified the Board of Supervisors of Pontotoc County that trash no longer would be put out for collection at his rural home. He requested that his name be dropped from the billing system, advising the Board that nothing in Miss.Code Ann. § 17-17-61 required that anyone pay for services which were neither used nor wanted. Despite his contention that he was not "a generator of garbage or rubbish for collection and disposal" between May and October of 1993, Zimmerman was billed for solid waste fees in the amount of $47.10, including interest. On November 1, 1993, Zimmerman advised the County that he would resume garbage pick-up service.
¶ 4. On December 31, 1994, Zimmerman requested a hearing on the matter of the fees charged for services between May and October of 1993. Billy Neal Simmons, Vice-President of the Board of Supervisors, acting as a hearing officer, held a hearing on February 28, 1995. Based on an opinion issued by the Attorney General's Office, he found that Zimmerman owed the fees in question. Zimmerman did not file a bill of exceptions to appeal the Board's decision as required by Miss.Code Ann. § 11-51-75 (1972).
¶ 5. Zimmerman filed suit in Pontotoc County Circuit Court on June 13, 1995. On October 30, 1995, the circuit court quashed process as a result of Zimmerman's failure to properly serve some of the defendants. His ninety-one page amended complaint, alleging a variety of claims both related and unrelated to the garbage collection fee dispute, was filed on January 25, 1996. The District, the Authority and Bell filed a motion for summary judgment. The DEQ, added as a party to the action in the amended complaint, filed a motion to dismiss, or in the alternative, to transfer the case to Chancery Court of Pontotoc County. On November 10, 1997, the circuit court granted the defendants' motions and denied Zimmerman's motion for a default judgment against them. Aggrieved by the circuit court's orders, Zimmerman now appeals to this Court.

DISCUSSION
¶ 6. Zimmerman's appeal to this Court is couched in often incomprehensible terms, invoking a panoply of creative constitutional arguments wholly unrelated to the matter of garbage collection fees actually before the circuit court. "Pro se parties should be held to the same rules of procedure and substantive law as represented parties." Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 118 (Miss.1987). However, when a prisoner seeking post-conviction relief is proceeding pro se, in our discretion, we will "credit not so well pleaded allegations so that a prisoner's meritorious complaint may not be lost because inartfully drafted." Ivy v. Merchant, 666 So.2d 445, 449 (Miss.1995). We accord that same deference to parties proceeding pro se in other civil actions.

I. WHETHER VARIOUS PLEADING IN THE CASE BELOW WERE MADE BY AN ATTORNEY WHO WAS NOT DESIGNATED AN ATTORNEY OF RECORD IN THIS CASE
¶ 7. Zimmerman first asserts that the motions for summary judgment and dismissal as well as other pleadings filed by the PDD, the Authority and Ronald Bell are of no force and effect because they were submitted by Michael L. Mason, an attorney with the law firm of Crosthwait, Terney, PLLC, who was not listed on the entry of appearance form along with Tommie S. Cardin and Michael D. Caples, two other members of the firm. Zimmerman's cursory references to Rules 5(b) and 11(a) of the M.R.C.P. provide no authority for this proposition nor does his one-paragraph assignment of error set forth any meaningful argument. Thus, this Court is not obliged to entertain the assignment of *857 error. Matter of Estate of Mason v. Fort, 616 So.2d 322, 327 (Miss.1993).
¶ 8. Procedural bar notwithstanding, there is no merit to the assignment of error. In Hirsch Bros. & Co. v. R.E. Kennington Co., 155 Miss. 242, 124 So. 344 (1929), the Mississippi Supreme Court stated,
[I]n the absence of any statutory requirement that the authority of an attorney shall be evidenced by writing, his position as an officer of the court makes it unnecessary for him, in the ordinary case, to show his authority in any way, there being a firmly established presumption in favor of an attorney's authority to act for any client whom he professes to represent.
Hirsch Bros., 155 Miss. at 253-54, 124 So. at 348. We believe that it would be unreasonable to think, therefore, that when a law firm is retained to represent a client that only those attorneys specifically listed on the "entry of appearance" form may work on a particular case or file pleadings on the client's behalf. See 7 Am.Jur.2d § 118 ("The employment of a firm of lawyers is equivalent to the retainer of each of the partners, although only one of them is consulted; conversely, employment of one member is generally deemed to be the employment of the firm").

II. WHETHER ATTORNEYS FOR THE DEPARTMENT OF ENVIRONMENTAL QUALITY ENGAGED IN IMPROPER EX PARTE COMMUNICATIONS WITH THE CIRCUIT COURT JUDGE
¶ 9. Zimmerman also argues that attorneys for the Department of Environmental Quality engaged in improper ex parte communications with the circuit court judge by talking with a member of his staff on the telephone regarding a scheduling matter and mailing him, at his request, a proposed memorandum order and opinion after making his decision to dismiss the complaint. Again, Zimmerman cites no authority for this proposition, and this Court need not review the assignment of error. Estate of Mason, 616 So.2d at 327.
¶ 10. Procedural bar notwithstanding, Canon 3A(4) of the Code of Judicial Conduct requires that a judge "except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding." As the DEQ points out, although the commentary to the Code is limited, the ABA Model Code of Judicial Conduct is instructive. ABA Model Code Canon 3B(7)(a) provides for exceptions to the rule against ex parte communications including "ex parte communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits...." The "ex parte communications" complained of fall well within the rubric of scheduling or administrative purposes. We do not find any impropriety on the part of DEQ's attorneys or the circuit court.

III. WHETHER THE THREE RIVERS PLANNING AND DEVELOPMENT DISTRICT OR THE THREE RIVERS SOLID WASTE MANAGEMENT AUTHORITY ARE PROPERLY CREATED AGENCIES OF GOVERNMENT
¶ 11. Zimmerman bases his claim for a default judgment on his contention that both the PDD and the Authority were created impermissibly by the Board of Supervisors and that both agencies exist in contravention of the Mississippi Constitution. Further he asserts that the officers of both agencies were not administered the appropriate oaths of office. There is no merit to the assignment of error.
¶ 12. Miss.Code Ann. § 17-17-301 (Rev. 1995) authorizes the establishment of regional solid waste management systems. Specifically, Miss.Code Ann. § 17-17-301 provides that "[a]ny unit of local government or any combination thereof may form a regional solid waste management authority." Thus, contrary to Zimmerman's argument, the Board of Supervisors acted *858 within the authority vested in it by the legislature in working with the other counties involved to create the Three Rivers Solid Waste Management Authority. Further, as the circuit court noted, Zimmerman provides no basis for his assertion.
¶ 13. The PDD, a Mississippi non-profit corporation, was established by Executive Order No. 81 on June 11, 1971. It provides a variety of administrative support services for the Authority, including billing and other functions. Again, Zimmerman provides no basis for his assertion that creation of the agency somehow violates the Mississippi Constitution of 1890.
¶ 14. Zimmerman further bases his claim for a default judgment on his conclusion that upon personally investigating files in the Secretary of State's Office, he was unable to locate oaths of office made "by officers and members of the governing body of PDD," who therefore were not qualified to assume the duties of their offices. Miss.Code Ann. § 17-17-313(1)(b) requires only that the Board of Commissioners of the Authority take and subscribe to the constitutional oath of office. Zimmerman concedes that he was able to locate those documents. Accordingly, there is no merit to the assignment of error.

IV. WHETHER A HEARING SHOULD HAVE BEEN HELD TO DETERMINE THE CORRECTNESS OF THE ATTORNEY GENERAL'S OPINION THAT PDD IS A PRIVATE CORPORATION AND THUS, NOT SUBJECT TO THE MISSISSIPPI PUBLIC RECORDS ACT OF 1983
¶ 15. The Board of Supervisors based its decision that Zimmerman was required to pay garbage collection fees on an advisory opinion issued by the Attorney General's Office. Zimmerman filed a motion on October 30, 1997, requesting a full hearing on an opinion issued by the Attorney General's Office, not identified or attached to the motion, which he alleged found that the PDD is "a private nonprofit non-share corporation." He now asserts that efforts were made to secrete records from him and contends that a full hearing should have been granted on the "claimed opinion" of the Attorney General that the PDD is a private corporation and not subject to the Mississippi Public Records Act of 1983.
¶ 16. From the record presented to this Court, it does not appear that Zimmerman ever advised the lower court of his allegations that he was denied access to any records. Further, he filed only a single-page motion that failed to identify the opinion at issue, his reason for seeking a hearing on the matter, or its relevancy to the issue of garbage collection fees. The trial judge will not be held in error for a matter not put before him. Wright v. White, 693 So.2d 898, 903 (Miss.1997); Mills v. Nichols, 467 So.2d 924, 931 (Miss. 1985). Moreover, a party is not entitled to raise new issues on appeal. Touart v. Johnston, 656 So.2d 318, 321 (Miss.1995).
¶ 17. Procedural bar notwithstanding, we note that the Attorney General's Office is authorized by Miss.Code Ann. § 7-5-25 (Rev.1991) to provide written opinions to state and local governments and officials. No liability attaches to any entity relying in good faith on such opinion "unless a court of competent jurisdiction, after a full hearing, shall judicially declare that such opinion is manifestly wrong and without any substantial support." Miss. Code Ann. § 7-5-25. While a hearing on the matter would be the appropriate means of determining whether any error existed in an opinion issued by the Attorney General's Office, Zimmerman totally failed to provide the circuit court with any legal or evidentiary basis for granting his motion.
¶ 18. Zimmerman further failed to pursue a ruling on the motion as required by Rule 2.04 of the Uniform Rules of Circuit and County Court Rules. Rule 2.04 provides:
It is the duty of the movant, when a motion or other pleading is filed, including motions for a new trial, to pursue *859 said motion to hearing and decision by the court. Failure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion; however, said motion may be heard after the commencement of trial in the discretion of the court.
In the case sub judice, where there is nothing in the record to indicate that Zimmerman pursued the motion, it is deemed abandoned and the circuit court cannot be said to have abused its discretion for not holding a hearing on or deciding the motion.

V. WHETHER A SPECIAL MASTER SHOULD HAVE BEEN APPOINTED TO INVESTIGATE ZIMMERMAN'S CLAIMS AGAINST THE AUTHORITY AND THE PDD
¶ 19. Zimmerman filed a motion for appointment of a Special Master to audit the PDD, the Authority and Pontotoc County as to their performance, financial dealings, records and accounts related to solid waste management. He now argues that the trial court "ignored" his motion and that this Court should appoint a Special Master to conduct, with Zimmerman's assistance, a comprehensive audit of the PDD, the Authority and Pontotoc County. As discussed in Issue III, supra, the circuit court cannot be held in error for "ignoring" Zimmerman's motion. Rather, pursuant to Rule 2.04 of the URCCC, it is the responsibility of the movant to pursue his motion. Zimmerman did not sustain that burden and it is deemed abandoned.
¶ 20. As with several of Zimmerman's other assignments of error, his argument further is flawed by his failure to cite any authority or to provide any evidentiary basis for the assertions made. Most pointedly, he makes the blanket allegation that the PDD exceeded its statutory authority to act in an advisory capacity by becoming "a major supplier of services" to the County and the Authority. Nothing in his argument or the record persuades us to find that the circuit court abused its discretion in failing to appoint a Special Master or that we now should make such an appointment.

VI. WHETHER BOTH THE PDD AND THE AUTHORITY HAVE CULPABILITY IN THIS MATTER
¶ 21. As discussed in Issue III, Zimmerman contends that both the Authority and the PDD are operating in violation of the solid waste laws. In this assignment of error, he develops this argument one step further to suggest that the PDD, like the Authority, has "culpability" in this civil action. Once again, Zimmerman's assignment of error is unsupported by authority and need not be considered by this Court. Estate of Mason, 616 So.2d at 327.
¶ 22. Procedural bar notwithstanding, there is no evidentiary basis for Zimmerman's argument. As the Authority and the PDD point out, the PDD has no ownership interest in the landfill; rather it serves only to perform various administrative functions for the Authority. The issues raised focus on various aspects of the permit process and were not properly before the circuit court. Instead, they should have been appealed to chancery court within twenty days of the entry of the Permit Board's decision pursuant to Miss.Code Ann. § 49-17-29 (Supp.1998). There is no merit, therefore, to the assignment of error.

VII. WHETHER ZIMMERMAN HAS STANDING TO CHALLENGE CONTRACTS ENTERED INTO BY THE PDD AND AUTHORITY, AS WELL AS "TO PROSECUTE IMPROBITIES IN OFFICE"
¶ 23. The circuit court found that Zimmerman did not have standing to challenge various contracts entered into by the PDD and the Authority. Standing to sue is conferred upon one who has a colorable interest in the subject matter or who is adversely affected beyond other members of the general public by the defendant's conduct. Saucier v. Biloxi Reg'l Med. Ctr., 708 So.2d 1351, 1355 (Miss. *860 1998); Dye v. State ex rel. Hale, 507 So.2d 332, 338 (Miss.1987). Zimmerman is not a party to any of the contracts at issue. He has demonstrated neither any particular adverse impact nor a colorable interest in the subject matter; that is, what bearing, if any, the contracts to which he objects have on the matter of garbage collection fees. Moreover, as discussed in Issue IX, infra, to the extent that Zimmerman's contract arguments and allegations of improbities in office are actually a challenge to the permit process, his arguments are barred by administrative res judicata or collateral estoppel. Hood v. Mississippi Dept. of Wildlife Conservation, 571 So.2d 263, 268 (Miss.1990).

VIII. WHETHER RONALD BELL'S POSITIONS AS BOTH CHAIRMAN OF THE AUTHORITY AND COUNTY ADMINISTRATOR OF LEE COUNTY ARE CONTRARY TO THE SEPARATION OF POWERS PROVISIONS OF THE MISSISSIPPI CONSTITUTION
¶ 24. Ronald Bell, Chairman of the Authority, serves also as the county administrator of Lee County. Zimmerman asserts that by serving in both capacities, Bell is acting in contravention of the separation of powers provision of art. 1, § 2 of the Mississippi Constitution of 1890. He contends that the circuit court erred in finding to the contrary. There is no merit to this assignment of error.
¶ 25. The county administrator serves at the will and pleasure of the Board of Supervisors, Miss.Code Ann. § 19-4-3 (Rev. 1995), and the duties and responsibilities of the position are limited to those delegated or assigned by the Board of Supervisors. Miss.Code Ann. §§ 19-4-1 and 19-4-7 (Rev.1995). Pursuant to § 19-4-7(h), a Board of Supervisors may assign a county administrator to "[h]ave general supervision over the county sanitary landfills and refuse collection procedures." As Chairman of the Authority, thus, Bell acts in a capacity which the legislature has deemed as being among those duties a Board of Supervisors may confer upon a county administrator and the separation of powers doctrine is inapplicable.
¶ 26. Assuming arguendo that Zimmerman is suggesting that there is a separation of powers problem inherent in the Board's capacity to delegate to the county administrator the duty of overseeing its solid waste disposal scheme, art. I, §§ 1 and 2, of the Mississippi Constitution provide:
Section 1. The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistrate, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.
Section 2. No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the other departments.
In Ball v. Fitzpatrick, 602 So.2d 873 (Miss.1992), the Mississippi Supreme Court determined that holding two separate positions within the Lowndes County Government did not violate the separation of powers provisions of §§ 1 and 2 because both positions were ministerial and did not require the exercise of executive or judicial power. Similarly, in Broadus v. State ex rel. Cowan, 132 Miss. 828, 96 So. 745 (1923), the Mississippi Supreme Court found that a member of the Board of Supervisors could serve also as a trustee of a school district. The Broadus court reasoned that "[t]he duties of a trustee are not wholly executive nor entirely judicial, but the office is largely ministerial, and we see no constitutional reason why a supervisor, an office in the judicial department, though also legislative and administrative in character, cannot consistently exercise the duties of the office of school trustee, which office is not in a wholly different *861 department of the government as meant by section 2, art. 1 of our state Constitution." Broadus, 132 Miss. at 833, 96 So. at 746. In the case sub judice, the offices of county administrator and chairman of the Authority, though involving many duties which could be characterized either as executive or ministerial, are primarily ministerial because the positions exist to carry out the will of the Board of Supervisors, in whose hands the ultimate decision making power resides. There is, therefore, no separation of powers problem with Bell's dual appointments.
¶ 27. In Ball, further, Justice Banks, writing separately, noted that most jurisdictions have declined to extend the separation of powers doctrine to local governments. Ball, 602 So.2d at 878-879 (Banks, J., concurring)(enumerating those jurisdictions which have determined that the doctrine applies to state government only and not to local or county governments). Indeed, the Mississippi Supreme Court recognized a distinction between state and local governments in Alexander v. State By and Through Allain, 441 So.2d 1329, 1337 (Miss.1983), distinguishing Broadus and deeming the separation of powers doctrine on the local level to be merely "important." These various factors considered, there is no merit to Zimmerman's assignment of error.

IX. WHETHER ZIMMERMAN IS PRECLUDED FROM BRINGING THIS ACTION BY HIS FAILURE TO REQUEST A FORMAL HEARING BEFORE THE PERMIT BOARD OR TO APPEAL THE BOARD'S DECISION TO CHANCERY COURT
¶ 28. Zimmerman next argues that the circuit court erred in finding that he was precluded from bringing this action against the Authority, the PDD and Bell based on the principles of res judicata and collateral estoppel. Indeed, the circuit court found that Zimmerman was barred on these principles from pursuing his case, essentially an appeal of the grant of a landfill permit, by his failure to request a formal hearing by the Permit Board and to file an appeal of its decision in the chancery court within twenty days after the permit decision was entered in the books. Pursuant to Miss.Code Ann. § 49-17-29 (Supp.1998), a decision of the Permit Board is considered final unless an appeal is taken to chancery court within twenty days after the decision is entered into the Board's minutes. Golden Triangle Regional Solid Waste Management Authority v. Concerned Citizens Against Location of Landfill, 722 So.2d 648, 655 (Miss.1998). To the extent that Zimmerman's appeal is, in essence, a challenge to the grant of the permit, he failed to exhaust his administrative remedies. Once an agency decision is made and the decision remains unappealed beyond the time to appeal, it is barred by administrative res judicata or collateral estoppel. Hood v. Mississippi Dept. of Wildlife Conservation, 571 So.2d 263, 268 (Miss.1990).
¶ 29. Zimmerman suggests, again without the benefit of any supporting authority or meaningful argument, that § 49-17-29 is unconstitutional because it gives the chancery court jurisdiction over appeals from the Permit Board. However, art. 6, § 159(a) of the Mississippi Constitution of 1890 gives the chancery court jurisdiction over all matters in equity. Generally, an action against an administrative agency or one seeking review of an agency decision falls within the jurisdiction of the equity court. As the DEQ points out, appeals from the Permit Board generally seek equitable relief in the form of an injunction or writ compelling the agency to act in one manner or another. Further, the Mississippi Supreme Court explained in Charter Medical Corp. v. Miss. Health Planning and Development Agency, 362 So.2d 180, 182 (Miss.1978), "[w]here there is no provision for appeal and injured parties do not have a full, plain, complete and adequate remedy at law, the Chancery Court has jurisdiction for judicial review of the actions of such board or agency." Procedural *862 bar notwithstanding, there is no merit to the assignment of error.

X. WHETHER THE DEFENDANTS IN THIS CASE WERE ENTITLED TO SUMMARY JUDGMENT; OR WHETHER, IN THE ALTERNATIVE, ZIMMERMAN WAS ENTITLED TO THE RELIEF HE SOUGHT, INCLUDING, BUT NOT LIMITED TO DISSOLUTION OF THE AUTHORITY AND THE PDD AND OTHER UNITS OF GOVERNMENT INVOLVED IN THE COLLECTION AND DISPOSAL OF NON-HAZARDOUS SOLID WASTE
¶ 30. Zimmerman first contends that neither the Constitution nor the laws of Mississippi require that he put forth any genuine issues of material fact. While the issue is precluded from review by this Court because of Zimmerman's complete failure to present any citation of authority or meaningful argument, we note that indeed, there is no requirement that a plaintiff set forth an issue of fact. In such instances, however, there is no violation of the right to a jury trial when summary judgment is entered because there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Brown v. Credit Center, 444 So.2d 358, 362 (Miss.1983).
¶ 31. Again, not citing any authority or providing this Court with an evidentiary basis for his argument, Zimmerman asserts that neither the Authority, the PDD, nor Bell are entitled to summary judgment. Rather, he asserts that he is entitled to prosecute his complaint against them and to be reimbursed for his costs, time spent and expenses incurred in pursuing the action against him. As a court of appeals, we conduct a de novo review of decisions by lower courts to grant summary judgment. Travis v. Stewart, 680 So.2d 214, 216 (Miss.1996). In so doing, we analyze all affidavits, admissions in pleadings, interrogatory answers, depositions and other matters of record and consider all such evidence in the light most favorable to the party against whom the motion for summary judgment was made. Yowell v. James Harkins Builder, Inc., 645 So.2d 1340, 1343 (Miss.1994). If the moving party is entitled to judgment as a matter of law, summary judgment should be upheld; otherwise, we are compelled to reverse. Id. Looking, as we must, at the record in a light most favorable to Zimmerman, we cannot say that the circuit court erred in granting summary judgment to the Authority, the PDD and Bell.
¶ 32. Zimmerman likewise contends that the circuit court erred in granting the MDEQ's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. While this litigation ostensibly arose from a dispute about garbage collection fees, the arguments presented focus on the legitimacy of the solid waste permit process and whether the landfill located in Pontotoc County is operated in conformity with the Mississippi Constitution. As discussed supra, permits are issued by the Permit Board, a separate entity from the DEQ and Zimmerman has made no showing that the DEQ otherwise is involved in any operations to which he now objects. We do not hold the circuit court in error for dismissing the claims against the DEQ.
¶ 33. The circuit court further cannot be held in error for denying the relief Zimmerman now seeks from this Court including, but not limited to dissolution of the Authority and the PDD and other units of government involved in the collection and disposal of nonhazardous solid waste, the appointment of a Special Master to investigate the financial affairs of the Authority, the PDD and Pontotoc County, the restructuring of the county government "in conformance with a new constitution," the establishment of an escrow fund and the ordering of "a constitutional convention of the people to correct the deficiencies and discrepancies in the Constitution of 1890" as he recommended in the companion case to the case sub judice, Zimmerman v. Pontotoc County, Mississippi Board of *863 Supervisors, 97-CP-00694-SCT (Miss. Dec. 3, 1998)(rehearing denied). The relief Zimmerman requested was not presented to the circuit court for its consideration and thus is not properly before this Court. "An appellant is not entitled to raise new issues on appeal since to do so denies the trial court the opportunity to address the matter." Touart, 656 So.2d at 321.

CONCLUSION
¶ 34. Finding no merit to the assignments of error raised by Zimmerman in this appeal, we affirm the order of the Circuit Court of Pontotoc County granting summary judgment to the Three Rivers Planning and Development District, the Three Rivers Solid Waste Management Authority and Ronald E. Bell, and denying Zimmerman's motion for a default judgment. We further affirm the circuit court's order dismissing Zimmerman's amended complaint against the Department of Environmental Quality.
¶ 35. THE ORDERS OF THE PONTOTOC COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT TO THE THREE RIVERS PLANNING AND DEVELOPMENT DISTRICT, THE THREE RIVERS SOLID WASTE MANAGEMENT AUTHORITY AND RONALD E. BELL, DISMISSING THE AMENDED COMPLAINT AGAINST THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY, AND DENYING CARL ZIMMERMAN'S MOTION FOR A DEFAULT JUDGMENT ARE AFFIRMED. APPELLANT IS TAXED WITH ALL COSTS OF THIS APPEAL.
KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
McMILLIN, C.J., NOT PARTICIPATING.
NOTES
[1] In a separate action arising from the disputed garbage collection fees, Zimmerman also filed suit against the Board of Supervisors of Pontotoc County, its surety, USF & G Co., the Attorney General and the District Attorney. The circuit court's grant of summary judgment in favor of the Board of Supervisors and USF & G and dismissal of the State defendants was affirmed by the Mississippi Supreme Court in Zimmerman v. Pontotoc County Board of Supervisors, No. 97-CP-00694-SCT (Miss. Dec. 3, 1998).