926 So.2d 279 (2006)
MesheL DAVIS-EVERETT, Appellant
v.
George DALE, Commissioner of Insurance, State of Mississippi, Appellee.
No. 2005-CCC-00355-COA.
Court of Appeals of Mississippi.
April 11, 2006.
*280 Meshel Davis-Everett (pro se).
Robert Louis Perkins, Kimberly Anne Gilmer, attorneys for appellee.
Before SOUTHWICK, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. In the Circuit Court of Rankin County, Meshel Davis-Everett appealed an administrative order by George Dale, Commissioner of Insurance for the State of Mississippi, suspending her from the bail bonding business for six months and imposing a $5,000 fine. The circuit court affirmed Dale's order, and Davis-Everett now appeals. Finding no error, we affirm.

FACTS
¶ 2. On May 22, 2003, Dale, acting in his capacity as Commissioner of Insurance for the State of Mississippi and chief officer of the Mississippi Department of Insurance ("the Department"), issued a notice of hearing and statement of charges, pursuant to Mississippi Code Annotated Section 83-39-17 (Supp.2002), to Davis-Everett informing her that the Department intended to take action against her for violating Mississippi Code Annotated Section 83-39-15(e) (Supp.2002), which prohibits a bail bonding agency from employing a convicted felon. The notice stated that the action was based on Davis-Everett allowing her husband, Moses "Big Moe" Everett (undisputedly a convicted felon), to participate or be associated in her bail bonding agency. Furthermore, she used his nickname, "Big Moe," as the trade name for the business despite being warned not do so by the Department.
*281 ¶ 3. At the hearing on July 2, 2003, Davis-Everett gave testimony and submitted documentary evidence. The Department submitted into evidence two widely distributed telephone directories in which advertisements labeling Davis-Everett's business as "Big Moe's" appeared. Further, some of the advertisements included Moses "Big Moe" Everett's full name. Also submitted was an affidavit by Kimberly Rideout, a deputy court clerk and dispatcher for the Pelahatchie Police Department, in which Rideout stated that Moses "Big Moe" Everett appeared alone at the Pelahatchie Police Department to procure the release of an arrestee through an appearance bond purportedly signed by Davis-Everett. Though Davis-Everett testified at the hearing that Moses "Big Moe" Everett was not involved in the particular arrestee's release, Dale did not find such testimony to be credible. Davis-Everett further submitted into evidence a pre-printed bond application that, inter alia, contained in large, bold print the name Big Moe, as well as the full name, Moses "Big Moe" Everett, Jr. Dale entered an administrative order on July 14, 2003 suspending Davis-Everett from engaging in the bail bonding business for six months, as well as imposing a $5,000 administrative fine. He further ordered Davis-Everett to disassociate Moses "Big Moe" Everett from the business and to cease using the nickname in connection with the business. Aggrieved by Dale's order, Davis-Everett appealed by writ of certiorari to the Circuit Court of Rankin County, which affirmed the administrative decision. Davis-Everett now appeals asserting, from what we can gather from her somewhat awkwardly written brief, the following issues: (1) whether the trial court erred by denying her a meaningful appellate review absent a complete transcript of the proceeding below; (2) whether the trial court denied Davis-Everett the right to cross-examine her "accuser"; and (3) whether the trial court erred in affirming Dale's administrative decision.

STANDARD OF REVIEW
¶ 4. The standard by which this Court reviews the decisions of an administrative agency "is to determine whether the judgment (1) was supported by substantial evidence; or (2) was arbitrary or capricious; or (3) was beyond the power of the lower authority to make; or (4) violated some statutory or constitutional right of the complaining party." Hill Bros. Constr. & Eng'g Co. v. Miss. Transp. Comm'n, 909 So.2d 58, 64(¶ 27) (Miss.2005) (citations omitted) (internal quotations omitted). There is a rebuttable presumption in favor of the administrative agency's action, and the party challenging such action has the burden of proof. Id. (citing Pub. Employees' Ret. Sys. v. Marquez, 774 So.2d 421, 425(¶ 11) (Miss.2000)). Because of the faith we vest in the expertise of administrative agencies, we limit the scope of our judicial review of their decisions. Id. (citations omitted).

ISSUES AND ANALYSIS
¶ 5. "`Pro se parties should be held to the same rules of procedure and substantive law as represented parties.'" Zimmerman v. Three Rivers Planning and Dev. Dist., 747 So.2d 853, 856 (¶ 6) (Miss.1999) (quoting Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss. 1987)). However, we will not discard a meritorious complaint simply because it is inartfully drafted. Zimmerman, 747 So.2d at 856(¶ 6). It is the duty of the appellant to provide authority in support of an assignment of error. Puckett v. State, 879 So.2d 920, 932(¶ 26) (Miss.2004). Failure to provide authority for an assignment of error operates as a procedural bar, and this Court will consider those *282 unsupported issues to be abandoned. Id. The majority of Davis-Everett's contentions are unsupported by authority, and thus will be considered abandoned by this Court. Even in those instances where authority is cited in Davis-Everett's brief, it does not adequately support the majority of the arguments sets forth. Furthermore, Davis-Everett failed to raise in the court below the issues concerning the transcript and cross-examination of witness. Failure to object to an issue below operates as a waiver of the ability to assert the issue as error on appeal. Foley v. State, 914 So.2d 677, 689(¶ 26) (Miss.2005) (citing Duplantis v. State, 644 So.2d 1235, 1245 (Miss.1994)). As such, the only issues before this Court are whether Dale's administrative order (1) was supported by substantial evidence; or (2) was arbitrary or capricious; or (3) was beyond the power of the lower authority to make; or (4) violated some statutory or constitutional right of the complaining party. Hill Bros. Const. & Eng'g Co., 909 So.2d at 64(¶ 27).

I. Whether Dale's administrative order was supported by substantial evidence.
¶ 6. At Davis-Everett's administrative hearing, the Department presented multiple phone directory advertisements for Davis-Everett's bail bonding agency which bore the trade name "Big Moe's Bail Bonding Agency" and even listed Moses "Big Moe" Everett's full name. Further, the Department presented an affidavit by Kimberly Rideout stating that Moses "Big Moe" Everett appeared alone at the Pelahatchie Police Department to secure, through an appearance bond, the release of an arrestee. Even the preprinted bond application presented at the hearing by Davis-Everett bore the trade name "Big Moe's" and contained Moses "Big Moe" Everett's full name. As a result, we find that Dale's decision was supported by substantial evidence.

II. Whether Dale's administrative order was arbitrary or capricious.
¶ 7. We next turn to whether Dale's order was arbitrary or capricious.
"Arbitrary" means fixed or done capriciously or at pleasure. An act is arbitrary when it is done without adequately determining principle; not done according to reason or judgment, but depending upon the will alone, -absolute in power, tyrannical, despotic, non-rational, -implying either a lack of understanding of or a disregard for the fundamental nature of things. "Capricious" means freakish, fickle, or arbitrary. An act is capricious when it is done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles....
St. Dominic-Jackson Mem'l Hosp. v. Miss. State Dept. of Health, 910 So.2d 1077, 1082 (¶ 15) (Miss.2005) (citing Attala County Bd. of Supervisors v. Miss. State Dep't of Health, 867 So.2d 1019, 1023-24 (¶ 18) (Miss.2004)). We cannot say that there is any evidence whatsoever that Dale's administrative order was arbitrary or capricious according to the above definitions.

III. Whether Dale's administrative order was beyond its authority.
¶ 8. This argument is completely without merit, as Mississippi Code Annotated Section 83-39-15 (Rev.1999) gives the Department explicit authority to "deny, suspend, revoked or refuse to renew. . . the license of any person engaged in the business of professional bail agent, soliciting bail agent, or bail enforcement agent for [conviction of a felony]." Mississippi *283 Code Annotated Section 83-39-9 (Rev.1999) further states:
No licensed professional bail agent shall have in his employ in the bail bond business any person who could not qualify for a license under this chapter, nor shall any licensed professional bail agent have as a partner or associate in such business any person who could not so qualify.
Thus, the administrative order was well within Dale's authority as chief officer for the Department.

IV. Whether Dale's administrative order violated some statutory or constitutional right of Dale-Everett.
¶ 9. Davis-Everett has failed to point out and support any violation of her statutory or constitutional rights as a result of Dale's administrative order. Because Davis-Everett has failed to overcome the presumption that the administrative order was valid, we find that Dale's decision and the decision of the Rankin County Circuit Court should be affirmed.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR. LEE, P.J., NOT PARTICIPATING.