DAVIS, Judge.
Jamie L. Ramirez challenges the judgment and five-day jail sentence imposed after she pleaded no contest to the reduced charge of attempted violation of the prohibition against a felon working for a bail bond agent. She specifically reserved her right to appeal the denial of her motion to dismiss based on her argument that the statute is unconstitutional because it *29 fails to require a mens rea element. We reverse.
Ramirez obtained a clerical job at a bail bond agency. At the time she began the job, she had one prior felony on which adjudication was withheld. As a result, both Ramirez and her employer were charged with violating section 648.44(8)(a), Florida Statutes (2009), which provides as follows:
A person who has been convicted of or who has pleaded guilty or no contest to a felony or a crime involving moral turpitude or a crime punishable by imprisonment of 1 year or more under the law of any state, territory, or country, regardless of whether adjudication of guilt was withheld, may not act in any capacity for a bail bond agency or participate as a director, officer, manager, agent, contractor, or employee of any bail bond agency or office thereof or exercise direct or indirect control in any manner in such agency or office or own shares in any closely held corporation which has any interest in any bail bond business. Such restrictions on engaging in the bail bond business shall continue to apply during a pending appeal.
A violation of this prohibition is a third-degree felony. § 648.44(8)(b).
Ramirez sought to' dismiss the charge, arguing that she lacked the mens rea to have violated the statute because she had no idea that obtaining otherwise legal clerical work became a felony if her employer was a bail bond agent. The trial court denied her motion to dismiss, and she pleaded to the reduced charge of attempted violation of section 648.44, specifically reserving her right to appeal the denial of that motion.
On appeal, Ramirez argues that the statute, as it applies to a person who violates subsection (8)(a) by accepting a position with a bail bond agency, implicitly requires that a knowledge element be read into it and that the trial court erred in denying her motion to dismiss because the State failed to allege that she knowingly violated the statute. Alternatively, Ramirez argues that the statute is unconstitutional for lacking a knowledge element.
Initially, we note that Ramirez is correct that the statute does not explicitly require any mens rea or guilty knowledge on the part of the person who accepts employment with the bail bond agency. See § 648.44(8)(b) (“Any person who violates the provisions of paragraph (a) ... commits a felony of the third degree-”). However, “[a]t common law, the general rule was that guilty knowledge or mens rea was a required element in the proof of every crime.” Wegner v. State, 928 So.2d 436, 438 (Fla. 2d DCA 2006). “Relying on the strength of the traditional rule, ... offenses that require no mens rea generally are disfavored,” and “some indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime” in a way that maintains the constitutionality of the statute. Staples v. United States, 511 U.S. 600, 606, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) (emphasis omitted). Absent such an indication, it will be presumed “that the [legislature intends statutes defining a criminal violation to contain a knowledge requirement” and such a requirement will be read into the statute. State v. Giorgetti, 868 So.2d 512, 516 (Fla.2004).
On appeal, the State maintains that a mens rea element should not be read into the statute as it applies to the employee of a bail bond agency because the remainder of the statute indicates that the legislature intentionally omitted the requirement. The State asserts that the statute’s inclusion of an explicit knowledge requirement as it applies to the bail bond agent employ *30 er shows that the legislature could have included a knowledge requirement with regard to the employee — but chose not to do so. See § 648.44(8)(b) (“[A]ny person who knowingly permits a person who has been convicted of or who has pleaded guilty or no contest to a crime as described in paragraph (a) to engage in the bail bond business as prohibited in paragraph (a) commits a felony of the third degree .... ” (emphasis added)). The State further argues that the statute is therefore constitutional because the legislature chose to write subsection (a) as a strict liability statute in order to protect the public welfare by absolutely prohibiting convicted felons from participating in a business that exists for the purpose of ensuring that criminals report to court proceedings. See generally § 648.24.
Because we conclude that a mens rea element should be read into the statute as it applies to a person who accepts an employment position with a bail bond agency as described in section 648.44(8)(a), we reject the State’s argument. We do so because construing this statute as one containing an intentional exclusion of a knowledge element — and thereby creating a strict liability crime with regard to bail bond agency employees with the requisite prior convictions — leads to an illogical result. See Parker v. State, 406 So.2d 1089, 1091 (Fla.1981) (“[D]eparture [from the plain, literal meaning of the statute] is permitted when a literal interpretation would lead to an illogical result or one not intended by the lawmakers.”); see also State v. Brigham, 694 So.2d 793, 797 (Fla. 2d DCA 1997) (“Even if this were a proper literal interpretation of the statute, there is no requirement that such a literal interpretation of the statute be utilized when that interpretation reaches an absurd result”).
The stated public policy upon which chapter 648 is based is “that a bond ... be executed by a [licensed] bail bond agent ... to ensure that the defendant appears at all subsequent criminal proceedings.” § 648.24. And the legislature has determined that such policy can best be achieved by preventing licensed bail bond agents .from hiring convicted felons. See §§ 648.387(4), .44(8). The legislature has further determined that preventing licensed bail bond agents from employing convicted felons can be accomplished by holding the bail bond agent criminally liable when he or she knowingly does so.
We agree that this is a reasonable means to achieve the. statute’s stated purpose. However, we simply cannot conceive of how purposefully holding a person employed by a bail bond agency — a person who is not licensed or regulated under the statute — criminally liable for accepting that employment without knowledge, further protects the public welfare when the licensed agent is not held to that same strict liability standard. Absent a knowledge element for the employee, this statute simply criminalizes what is otherwise innocent conduct, i.e., working at a clerical job.
Because the legislature could not have logically intended to expressly omit the mens rea element as it applies to employees of bond agents under the statute, we must read a knowledge element into that portion of the statute. See Wegner, 928 So.2d at 439 (“[B]efore a court may declare a statute unconstitutional, it is obligated to construe the statute in a manner that avoids a finding of unconstitutionality.”); see also Giorgetti, 868 So.2d at 518 (“We are also obligated to construe statutes in a manner that avoids a holding that a statute may be unconstitutional.”).
Accordingly, it was error for the trial court to conclude that the statute is consti *31 tutional without the mens rea element being required. Rather, the statute’s constitutionality only can be maintained by reading into it a mens rea element. The trial court’s misunderstanding of the statute requires that we reverse Ramirez’s conviction and sentence and remand with instructions to allow Ramirez to withdraw her plea. On remand, the State would be entitled to an opportunity to file an amended information consistent with this opinion.[1]
Reversed and remanded.
VILLANTI and CRENSHAW, JJ„ Concur.

. We note that it is not clear from the record whether the State is able to allege that Ramirez possessed the requisite mens rea and to thus proceed with prosecution or whether the charges must be dismissed.