CHANDLER, Justice,
dissenting:
¶ 20. I respectfully dissent. I would find that this statute passes the rational-basis test. Mississippi’s law is similar to laws found in other states, and such laws consistently have been upheld. While I agree with the majority that laws placing unqualified restrictions on felons should be reviewed carefully for equal-protection concerns, this law concerns a privilege license intimately associated with the workings of the criminal justice system. I cannot find that restricting felons from accessing this privilege is not rationally related to a legitimate government interest.
¶ 21. The majority is unable to cite a case that specifically strikes down an unqualified restriction on a felon’s ability to obtain a bail-bond license. Restrictions on a felon’s ability to obtain a bail-bond license are common nationwide and are consistently upheld. For example, in Texas, similar to Mississippi, anyone convicted of any felony[32] is ineligible for a bail-bond *890 license, as well as anyone convicted of a misdemeanor involving moral turpitude. Smith v. Tarrant Cnty. Bail Bond Bd., 997 S.W.2d 870, 874 (Tex.App.1999). Upholding newly tightened restrictions on a felon’s ability to obtain or renew a bail-bond license, the Colorado Supreme Court rejected the argument that the existence of more reasonable exceptions rendered the law unconstitutional, stating:
[T]he fact that such exemptions were enacted at one time does not compel the conclusion that a licensing act is invalid if the exemptions are eliminated. The mere failure of a governmental regulation to allow all possible and reasonable exceptions to its application is not sufficient to render the regulation unconstitutional. The General Assembly has broad discretion to fashion a licensing scheme that, in its view, protects the public health, safety, welfare, and morals, and we do not sit as a “super legislature” to weight the propriety of that legislation.
Ficarra v. Dep’t of Regulatory Agencies, Div. Of Ins., 849 P.2d 6, 22 (Colo.1993). That court also described the legitimacy of restrictions on felons as bail-bond agents as related to numerous governmental interests:
The bail bond business is intimately involved in the process of determining who in the criminal justice system will be released pending trial and who will remain incarcerated. Professional bail bondsmen must be prepared to handle valuable collateral, and to encourage within the bounds of the law the appearance at trial of persons accused (and sometimes previously convicted) of serious crimes. The importance to the public of the safe and honest performance of these activities can hardly be overemphasized, and thus the bail bond business is without question a matter of substantial public concern subject to reasonably regulation under the police power of the State.
Id. (citations omitted).
¶ 22. The rationale of these restrictions also is seen in the numerous laws-including Mississippi’s — prohibiting bond agents from employing felons. Davis-Everett v. Dale, 926 So.2d 279, 282 (Miss.Ct.App.2006); Ramirez v. State, 113 So.3d 28, 30 (Fla.Dist.Ct.App.2012).
¶ 23. I also disagree with the majority’s position that Chunn’s failure to disclose his felony on his initial bail-bond application is immaterial to his subsequent applications. Mississippi Code Section 83—39—15(1)(c) establishes that material misstatement, misrepresentation, or fraud in obtaining the license creates grounds for denial, suspension, revocation, and refusal to renew a license. Chunn would not have been granted his initial license if he had disclosed that he had a felony within the past ten years of that application, and his subsequent licenses were granted under a grandfather clause that a convicted felon could not be granted a license “unless presently licensed for bail bonds.” That “present license” was granted based on a misrepresentation.
¶24. I do not deny that the Legislature’s unqualified restriction may result in unfair consequences. However, this is not grounds for finding that a statute fails the rational-basis standard of review. Mississippi currently has numerous laws placing restrictions on felons in various contexts. Sympathetic as Chunn’s individual situation is in this particular case, I do not know that this Court wants to create such broad grounds for striking down restrictions under the rational-basis standard of review. The Legislature is free to enact a more sophisticated version of the statute if it wishes to enable felons in Chunn’s position to obtain a privilege license so closely *891 related to the workings of our criminal justice system. For all of these reasons, I respectfully dissent.
WALLER, C.J., RANDOLPH, P.J., AND KING, J., JOIN THIS OPINION.

. This is regardless of whether the felony involves moral turpitude.