928 So.2d 436 (2006)
Chris A. WEGNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2486.
District Court of Appeal of Florida, Second District.
April 28, 2006.
*437 William D. Sites, Lakeland, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Chris A. Wegner appeals from his convictions for receiving computer transmissions of descriptive or identifying information about a minor for the purpose of sexual conduct with a child, in violation of section 847.0135(2)(d), Florida Statutes (2000), and for showing obscene material to a minor, in violation of section 847.0133, Florida Statutes (2000). We reject Mr. Wegner's assertion that the trial court committed three reversible errors and affirm. One issue, however, merits discussion. Mr. Wegner contends that section 847.0135(2)(d) is unconstitutional in two primary ways. According to Mr. Wegner's theory, the statute violates the Due Process Clause of the United States Constitution because the Florida Legislature failed to include a mens rea element[1] requiring the offender to know that the person from whom computer transmissions have been received is a minor. Mr. Wegner further contends that the statute violates the First Amendment by encompassing protected expression.
The State charged Mr. Wegner by amended information with a violation of a provision of the Computer Pornography and Child Exploitation Prevention Act of 1986, which is codified in section 847.0135. Section 847.0135(2)(d) imposes criminal liability on a person who

*438 [b]uys, sells, receives, exchanges, or disseminates, any notice, statement, or advertisement, or any minor's name, telephone number, place of residence, physical characteristics, or other descriptive or identifying information, for purposes of facilitating, encouraging, offering, or soliciting sexual conduct of or with any minor, or the visual depiction of such conduct.
By statute, the crime is classified as a third-degree felony.
The amended information charged, in pertinent part, that the defendant "did knowingly receive by means of a computer, any statement of a minor's name or other descriptive or other identifying information, for purposes of facilitating sexual conduct of or with a minor, to-wit [the minor victim]." Before trial, Mr. Wegner sought dismissal of this count, asserting that the statute was unconstitutionally defective for failure to include a mens rea requirement. In other words, the statute operated to hold people criminally liable for receiving computer information from someone they did not know was a minor. The trial court reasoned that because the amended information charged that the crime was committed knowingly and the State was obligated to meet that element of proof, there was no constitutional failing.
Statutory interpretation raises an issue of law, and we review the trial court's ruling de novo. Racetrac Petroleum v. Delco Oil, Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998). Statutes enjoy a strong presumption in favor of constitutionality, Wright v. State, 739 So.2d 1230, 1231 (Fla. 1st DCA 1999), and courts are obligated to construe statutes to avoid declaring them unconstitutional, Gray v. Cent. Fla. Lumber Co., 104 Fla. 446, 140 So. 320, 323 (1932). Applying that principle and the reasoning of our supreme court in State v. Giorgetti, 868 So.2d 512 (Fla.2004), we reject Mr. Wegner's claim that application of section 847.1035(2)(d) to his conduct violates his due process rights.
In Giorgetti, the court analyzed whether Florida's sexual offender registration statutes, which criminalize the failure to register, are constitutionally defective because the laws fail to contain a scienter or mens rea requirement and thus act to deprive the accused of due process. In affirming the Fourth District's conclusion that "before an offender may be held criminally liable for failing to register, the State must prove that he was aware of a registration requirement," 868 So.2d at 513, the supreme court reasoned that a mens rea element must, in virtually every instance, be read into the statute. Id. at 513-20.
At common law, the general rule was that guilty knowledge or mens rea was a required element in the proof of every crime. It was necessary that the act or omission be joined with the mental intent to commit a crime. United States v. United States Gypsum Co., 438 U.S. 422, 436, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978); United States v. Balint, 258 U.S. 250, 251, 42 S.Ct. 301, 66 L.Ed. 604 (1922). "In fact, the United States Supreme Court `has on a number of occasions read a state-of-mind component into an offense even when the statutory definition did not in terms so provide.' Moreover, because of the strength of the traditional rule that requires mens rea, offenses that require no mens rea are generally disfavored." Giorgetti, 868 So.2d at 515 (quoting United States Gypsum, 438 U.S. at 437, 98 S.Ct. 2864). Often, the disfavor is due to a violation of the Due Process Clause, which incorporates the principle that the state is required to prove an accused guilty of all essential elements of a crime beyond a reasonable doubt. Amend. XIV, U.S. Const.; see also art. I, § 9, Fla. Const.
*439 The Giorgetti court held that its decision was controlled by the analysis in Lambert v. California, 355 U.S. 225, 227, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), in which the Supreme Court examined a Los Angeles ordinance imposing criminal penalties on convicted felons who failed to register. In concluding that the ordinance violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Supreme Court observed that it was required to "assume that appellant had no actual knowledge of the requirement that she register under this ordinance"; therefore, the question to be answered was "whether a registration act of this character violates due process where it is applied to a person who has no actual knowledge of his duty to register, and where no showing is made of the probability of such knowledge." Id.
The Lambert Court noted that the conduct sought to be criminalized by the city ordinance was passivethe failure to register. Accordingly, in that instance, actual knowledge of the registration requirement or, alternatively, proof of the probability that the offender possessed such knowledge, was necessary.[2] "Where a person did not know of the duty to register and where there was no proof of the probability of such knowledge, he may not be convicted consistently with due process." Id. at 229-30, 78 S.Ct. 240.
Section 847.0135(2)(d) lacks an explicitly stated mens rea element. However, as noted, before a court may declare a statute unconstitutional, it is obligated to construe the statute in a manner that avoids a finding of unconstitutionality. The Giorgetti rationale authorizes a court to construe a knowledge or mens rea element into a criminal statute. 868 So.2d at 519. Relying on United States Supreme Court precedent, the Florida Supreme Court noted that the "Court has virtually created a presumption in favor of a guilty knowledge element absent an express provision to the contrary." Id. at 515. Thus, Florida courts ordinarily will "presume that the Legislature intends statutes defining a criminal violation to contain a knowledge requirement absent an express indication of a contrary intent. An express provision dispensing with guilty knowledge will always control, of course, since in that instance the Legislature will have made its intent clear." Id. at 516.
We can discern no legislative intent to dispense with a knowledge or mens rea element in section 847.0135(2)(d). Therefore, based upon the offense charged in the information in this case, we construe the statute as requiring knowledge by the accused that the person from whom or about whom he has received the computer transmissions is a minor. Because the State charged Mr. Wegner with knowledge of that fact and the trial court required the State to prove it, we find no due process violation and affirm the conviction on this ground. See Cashatt v. State, 873 So.2d 430 (Fla. 1st DCA 2004) (concluding that the failure of section 847.0135(3) to contain a mens rea requirement is not fatal because criminal statutes are presumed to include a knowledge requirement in the absence of a contrary legislative statement).
Additionally, a similar concern was addressed in a challenge to section 847.0138, Florida Statutes (2002), in Simmons v. State, 886 So.2d 399, 403 (Fla. 1st DCA 2004), review granted, 898 So.2d 81 (Fla. 2005). Section 847.0138 prohibits the *440 transmission of materials harmful to a minor; in Simmons, the transmission was by electronic mail. Discussing a protected speech claim based upon the First Amendment, the court noted that a "defendant must have actual knowledge or believe that the recipient of the communication was a minor." Simmons, 886 So.2d at 403. In this case, reading a mens rea requirement into section 847.1035(2)(d) similarly required Mr. Wegner to possess actual knowledge or to believe that the person from whom he received computer transmissions of descriptive or identifying information was a minor and that Mr. Wegner did so for one purpose of facilitating sexual conduct with that minor.
In a second point, Mr. Wegner contends that the statute is unconstitutionally overbroad and violates the First Amendment. Again, however, the thrust of his contention is that because the statute fails to define the requisite guilty knowledge element, it criminalizes expressions protected by the First Amendment. Because we have construed the statute to require mens rea or scienter, this argument also fails.
Affirmed.
DAVIS, J., Concurs.
KELLY, J., Concurs specially.
KELLY, Judge, Specially concurring.
I concur in the majority's result; however, I respectfully disagree with the majority's conclusion that section 847.0135(2)(d) lacks an explicitly stated mens rea element. The statute states that a person who buys, sells, receives, exchanges or disseminates, a minor's name or other identifying information "for purposes of" sexual conduct with any minor commits a third-degree felony. Id. (emphasis added). In discerning the mens rea element of a statute, courts have defined "purpose" to mean "specific intent." See United States v. Bailey, 444 U.S. 394, 405, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980); United States v. Scotti, 47 F.3d 1237, 1244-45 (2d Cir.1995); Frey v. State, 708 So.2d 918, 919 (Fla. 1998); Wyche v. State, 619 So.2d 231 (Fla. 1993) (MacDonald J., dissenting). Because the statute explicitly describes the requisite of criminal intent, I believe it is unnecessary to "construe the statute to require mens rea or scienter."
NOTES
[1] We note that in footnote 17 to its opinion in Apprendi v. New Jersey, 530 U.S. 466, 493, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court of the United States observed that "among the most common definitions of mens rea is `criminal intent.'"
[2] It is interesting to note that in his dissent in Lambert, 355 U.S. at 232, 78 S.Ct. 240, Justice Frankfurter predicted that the case would stand as an "isolated deviation from the strong currents of precedentsa derelict on the waters of the law."