949 So.2d 1132 (2007)
S.D.T., In the Adoption of: Infant Male T., a Minor, Appellant,
v.
BUNDLE OF HOPE MINISTRIES, INC., and Other Unknown Guardians, Appellees.
No. 1D06-2137.
District Court of Appeal of Florida, First District.
February 28, 2007.
Alexander R. Christine, Jr., Maureen Sullivan Christine, and Benjamin J. Rich of Alexander Christine & Maureen Sullivan Christine, P.A., St. Augustine, for Appellant.
Rebecca Bowen Creed of Mills & Creed, P.A., and Judy Setzer, Jacksonville, for Appellees.
PER CURIAM.
Appellant S.D.T., an unmarried biological father, appeals a final order denying his Motion to Intervene, Motion for Relief from Judgment and to Set Aside Judgment Terminating Parental Rights, and Motion for Rehearing. The issues raised on appeal are (1) whether the trial court possessed jurisdiction to terminate appellant's parental rights because those rights had never been established in accordance with statutory procedures; (2) whether the trial court erred in entering a final judgment of adoption and denying appellant's motions while a paternity action was pending; and (3) whether the trial court's findings of fact are supported by the record. We affirm the trial court's order.
On November 22, 2005, the appellee, Bundle of Hope Ministries, Inc., the "adoption entity" as defined in section 63.032(3), *1134 Florida Statutes (2005), filed its report with the trial court of its intended placement for adoption of the minor child, Infant Male T., who was born the same day in St. Johns County to M.T., the mother. Thereafter, on January 9, 2006, appellee filed in Duval County a petition for termination of parental rights pending adoption.[1] Although appellant was named in the petition as the natural father of the child, he was not served with the petition. On February 8, 2006, judgment was entered terminating parental rights as to both the mother and appellant pending adoption. In so doing, the court expressly found that appellant "has not been established by court proceedings to be the father of the child."
On February 9, 2006, appellant filed a paternity claim with the Florida Putative Father Registry. On February 21, 2006, appellant filed a petition for determination of paternity in the St. Johns County Circuit Court. The petition alleged that appellant provided the mother with reasonable financial support in the form of food and shelter while he lived with the mother; the mother promised she would contact him and provide the time and place of the child's birth but did not do so; and when appellant located the mother, she advised him she was "adopting the child out" but was otherwise vague and misleading and would not reveal the child's location. Appellant requested that the court establish the child's paternity by ordering proper scientific testing, adjudicating parental responsibility, adding his name to the birth certificate, changing the child's name, and awarding him sole parental responsibility.
On March 8, 2006, appellee filed its final post-placement report and recommendation, describing the infant as thriving and recommending that the prospective adoptive parents be approved for finalization of the adoptive process. The adoption entity and the prospective parents filed a petition for adoption of the child, which was granted by the final judgment of adoption filed March 8, 2006, in Duval County.
On March 9, 2006, appellant filed motions to intervene, for relief from judgment, to set aside the judgment terminating parental rights, and for rehearing. This was the first notice given to the Duval County Circuit Court of the paternity action previously filed in St. Johns County. Thereafter, the trial court conducted a hearing on appellant's motions during which appellant's counsel stipulated that appellant's paternity claim was not timely filed but alleged that the late filing was due to the mother's actions. According to appellant's counsel, the mother promised appellant she would advise him as to the *1135 date, time, and place of the child's birth, but she deliberately relocated and withheld her new location from him. When the child was born, the mother allegedly refused to disclose any information regarding the birth of the child until early December 2005. Counsel further stated the mother's assertion that she was not cohabiting with a man during her pregnancy was not truthful because she was living with appellant at the time of her pregnancy. Both appellant and the mother subsequently testified regarding appellant's level of involvement before and after the child's birth.
Following the hearing, the trial court entered an order denying appellant's motions. Based on the testimony presented, the trial court made factual findings concerning appellant's lack of involvement with the child and the child's mother. This appeal followed.
The issues raised by appellant involve questions of statutory interpretation. Therefore, we apply a de novo standard of review. See Wegner v. State, 928 So.2d 436, 438 (Fla. 2d DCA 2006) ("Statutory interpretation raises an issue of law, and we review the trial court's ruling de novo."). Because of the similarity between some of the facts in the instant case and those in In re Adoption of Baby A., 944 So.2d 380 (Fla. 2d DCA 2006), review denied, Gift of Life Adoptions, Inc. v. A.S., 944 So.2d 344 (Fla.2006), we adopt much of the same interpretation given the pertinent statutes by the Second District in Baby A., in which the court held that despite the provisions of section 63.054(1), Florida Statutes (2004), requiring that an unmarried biological father file a claim of paternity before the date a petition for termination of rights is filed, the father who files such a claim is nonetheless entitled to the resolution of such claim before the conclusion of an adoption proceeding.
In Baby A., as here, the father's petition for parentage was filed after the adoption agency filed its petition seeking termination of the father's rights but before the entry of an adoption order. If there had been no hearing conducted on appellant's motions, we could be constrained to reverse because, similar to the facts in Baby A., at the time the order was entered terminating appellant's parental rights, he did not fit into any of the categories of persons delineated in section 63.062(1)(b), Florida Statutes (2005), which specifies the conditions under which a father's parental rights may be terminated without his written consent.[2] As a consequence, appellant was then neither a parent nor a person whose consent to the adoption of the child was required by that statute as a prerequisite to a termination of parental rights, and because appellant could not then be deemed a statutory parent, under the reasoning of Baby A., he *1136 had no parental rights that could be terminated.[3]See Baby A., 944 So.2d at 394; see also In re Baby R.P.S., 942 So.2d 906, 908 (Fla. 2d DCA 2006) (holding that the trial court erred in terminating the appellant's parental rights given that the appellant, an unmarried biological father, was not a parent under the Florida Adoption Act). We nevertheless affirm the order appealed because, in our opinion, the subsequent hearing conducted on appellant's motions established the fact that the minor was appellant's child, as required by section 63.062(1)(b)3, thereby authorizing the court to confirm the previously entered order terminating appellant's parental rights.[4]
Despite the fact that no finding had been made that appellant was the child's father at the time of the entry of the termination of rights order, the trial court was not precluded from making a finding to such effect following the hearing on appellant's motions. Section 63.142(4), Florida Statutes (2005), provides that a judgment of termination on which the later judgment of adoption is based is voidable, not void, if it is found by the court in considering a motion for relief from judgment that the judgment did not comply with the requirements of chapter 63. Although there was no explicit finding by the court establishing appellant as the child's statutory parent in its order denying appellant's motions, we consider the court implicitly found, by addressing the motions on their merits and tracking the provisions of section 63.089(4), Florida Statutes (2005), relating to a father's abandonment of his child, that appellant's status in such regard had been established during the later proceeding. As this Court recognized in B.B. v. P.J.M., 933 So.2d 57, 59 (Fla. 1st DCA 2006), the requirement in section 63.062(1)(b)3 that the minor be established by court proceeding to be the father's child is not limited to a formal paternity adjudication under chapter 742, Florida Statutes, but encompasses any court proceeding in which a material determination is made to such effect. We further pointed out that material facts may be established either by resolving disputed facts or by the presentation of undisputed facts, i.e., uncontested material facts that are judicially accepted as true, and such acceptance could "be implied or express." Id. at 60.
Appellant's status as the child's parent was never in dispute. Appellant was identified in the petition seeking termination of his rights as the child's biological father, and he confirmed such fact in both his pleadings and his testimony at the hearing conducted on the motions. Thus, any earlier lack of notice to appellant by reason of appellee's failure to serve him with a copy of the petition for termination *1137 of his parental rights[5] was cured by his appearance and testimony at the later proceeding, which, although designated as one seeking relief from judgment, met all the requisites essential for a hearing conducted on a petition to terminate parental rights pending adoption under section 63.089. Moreover, in making factual findings that track the provisions of the abandonment statute, the trial court essentially determined that appellant had, in fact, abandoned the child. Given that this determination is supported by competent, substantial evidence and that abandonment is a basis for the termination of parental rights, we affirm the trial court's order.
AFFIRMED.
DAVIS, J., and ERVIN, III, RICHARD W., Senior Judge, concur; BENTON, J., dissents with opinion.
BENTON, J., dissenting.
The majority points out that S.D.T.'s "status as the child's parent was never in dispute." Ante p. 1136. See B.B. v. P.J.M., 933 So.2d 57, 60 (Fla. 1st DCA 2006) ("Appellant's identity as J.M.'s father . . . was agreed to by all interested parties and accepted as true by the court throughout the . . . proceedings.").
S.D.T. was therefore entitled to notice of and full participation in the proceedings that led to termination of his parental rights. See In re Adoption of Baby A., 944 So.2d 380, 396 (Fla. 2d DCA 2006), review denied sub nom. Gift of Life Adoptions, Inc. v. A.S., 944 So.2d 344 (Fla.2006) ("Section 63.062(1)(b)(3) provides that a petition to terminate parental rights may be granted only after written consent or notice to a `father' under circumstances where `[t]he minor has been established by court proceeding to be his child.'"); B.B., 933 So.2d at 60.
S.D.T. received no such notice here. When he found out about the already ongoing proceedings and sought to intervene, moreover, the trial court denied his motion to intervene, ruling that he "ha[d] no legal rights in the instant action that would require the Court to allow him to intervene." This was error.
The order denying motion to intervene, motion for relief from judgment and motion for rehearing should be reversed, and the cause should be remanded for further proceedings. Accordingly, I respectfully dissent.
NOTES
[1] The petition states in part:

3. Venue is proper in Duval County pursuant to § 63.087(4)(a)(3), Fla. Stat., as the location of the Adoption Entity is in said county and the birth mother has waived venue. The child is less than six (6) months old.
* * *
6. The child's mother is M.T. and she has consented to the termination of her parental rights for the purpose of placing the child for adoption. Her consent is now binding and irrevocable. The consent is filed herein.
7. The child's biological father is S.T. The birth mother is not married and was not married at the time of conception or at the time of the birth of the child, and the biological father has not provided her with any financial or emotional support during the pregnancy. The biological father has not adopted or sought to adopt the child. The biological father has not been established by court proceedings to be the father of the child. The biological father has not filed an affidavit of paternity pursuant to Fla. Stat. 382.013(2)(c). The biological father has not filed an acknowledgment of paternity with the Office of Vital Statistics of the Department of Health.... Pursuant to § 63.062, Fla. Stat., the consent of the birth father is not required.
[2] This provision states in part:

(1) Unless supported by one or more of the grounds enumerated under s. 63.089(3), a petition to terminate parental rights pending adoption may be granted only if written consent has been executed as provided in s. 63.082 after the birth of the minor or notice has been served under s. 63.088 to:
. . . .
(b) The father of the minor, if:
1. The minor was conceived or born while the father was married to the mother;
2. The minor is his child by adoption;
3. The minor has been established by court proceeding to be his child;
4. He has filed an affidavit of paternity pursuant to s. 382.013(2)(c); or
5. In the case of an unmarried biological father, he has acknowledged in writing, signed in the presence of a competent witness, that he is the father of the minor, has filed such acknowledgment with the Office of Vital Statistics of the Department of Health within the required timeframes, and has complied with the requirements of subsection (2).
[3] In so saying, we reject appellee's argument that appellant did not preserve the issue of the trial court's statutory authority to terminate his parental rights for the reason he never argued that he was not a parent for purposes of a termination proceeding. The burden of showing that an unmarried biological father meets the definition of a parent in order for his rights to be terminated is, in our judgment, placed on the party seeking termination. See § 63.089(2)(a)3., Fla. Stat. (2005).
[4] Unlike the facts at bar, no finding was ever made in Baby A. of the father's status as a statutory parent. There, motions for summary judgment were filed by the father on his petition for determination of paternity and by the adoption agency on its petition for termination of parental rights. A simultaneous hearing was conducted in both cases, and the trial court considered first the adoption agency's motion, granted it because of the father's failure to comply with chapter 63 requirements, and thereafter dismissed the parentage action as moot.
[5] Neither section 63.088, Florida Statutes (2005), relating to proceedings to terminate parental rights, nor section 63.062(3)(a), pertaining to adoption proceedings, requires an adoption agency to provide notice of same to an unmarried biological father who does not have the status of parent as defined in chapter 63. Although appellant raised the issue of the statutes' constitutionality before the lower court, he has not pursued those arguments in this appeal.