DAVIS, Judge.
Richard Figueroa-Santiago challenges his conviction and sentence for using electronic communication to further the interest of a criminal gang. He entered a negotiated no contest plea to the offense, which is a violation of section 874.11, Florida Statutes, and the trial court sentenced him pursuant to agreement to two years’ probation. Prior to entering his plea, Figueroa-Santiago filed a motion to dismiss the charge, arguing that section 874.11 is unconstitutional. In entering his plea, he specifically reserved the right to challenge the facial constitutionality of the statute. Based on Enoch v. State, 95 So.3d 344 (Fla. 1st DCA 2012), and the Florida Supreme Court’s having declined to accept jurisdiction to review the constitutional issue addressed therein, 108 So.3d 654 (Fla.2013), we reverse, finding only one portion of section 874.11 unconstitutional on its face. But because we do not find the entire statute to be facially unconstitution *587 al, we remand the matter to the trial court to reconsider Figueroa-Santiago’s motion to dismiss in light of the conclusions reached in this opinion. We certify conflict with Enoch to the extent that it found the entire statute unconstitutional.
Figueroa-Santiago admits that he placed images referencing The Latin Kings or elements thereof online through his MySpace.com account. He also admits that The Latin Kings are a gang and that he knows members of the gang, but he claims that he is not a member. One of the images posted by Figueroa-Santiago depicts a faux street sign, indicates the area is a “drive-by shooting” area for the gang, and shows someone shooting from a vehicle. Other images are of members of “Eastside,” a known subgroup of The Latin Kings. Figueroa-Santiago acknowledges that the images in question promote the gang. The limited record on appeal does not provide sufficient facts to determine the scope or audience of the posts or whether the images were accompanied by other specifically threatening language or gestures.[1]
Section 874.11, Fla. Stat. (2008), provides in relevant part:
Any person who, for the purpose of benefiting, promoting, or furthering the interests of a criminal gang, uses electronic communication to intimidate or harass other persons, or to advertise his or her presence in the community, including, but not limited to, such activities as distributing, selling, transmitting, or posting on the Internet any audio, video, or still image of criminal activity, commits a felony of the third degree ....
On its face, the statute provides two independent means of using electronic communications for benefiting, promoting, or furthering the interests of a gang that could qualify for sanctions: intimidating or harassing others and advertising one’s presence in the community. The State’s information against Figueroa-Santiago alleged both possibilities.
In Enoch, the First District concluded that section 874.11 violates the First Amendment and does not pass the strict scrutiny test because on its face it prohibits communication related to noncriminal gang activity. 95 So.3d at 357-58. The First District focused on the “[a]ny person who, for the purpose of benefiting, promoting, or furthering the interests of a criminal gang, uses electronic communication” portion of the statute, concluding that this language is not narrowly tailored to focus only on those interests of the gang that are criminal in nature. Id. at 858. The court noted that the statute “contains no express requirement of knowledge of the gang’s criminal activity.”[2] Id. However, the court determined that reading an intent element into the language of this portion of the statute would not necessarily render the statute constitutional because knowingly using electronic communications to further the interest of noncriminal gang activity still would be prohibited under the statute and would criminalize oth *588 erwise innocent, constitutionally-protected speech designed to advertise or promote oneself in a community. Id. The First District concluded that because the statute is not narrowly tailored to prevent only advertising oneself through the knowing promotion of a gang’s criminal activity, it is unconstitutional. Id.
We find no fault with the reasoning of Enoch in this regard and agree that as it is currently written, the portion of section 874.11 related to the using of electronic communications to benefit or promote a gang by advertising oneself in the community is unconstitutionally overbroad on its face. But we note that the addition of language by the legislature to limit the statute to preclude such advertising only as related to a gang’s criminal activity would sufficiently narrow the language of the statute to overcome a facial challenge on this basis.
When addressing a facial challenge to a statute, courts should construe the statute using a construction that is constitutional whenever it is possible to do so without rewriting the statute. Enoch, 95 So.3d at 349-50. Thus our acceptance of the Enoch reasoning is limited to the “benefiting, promoting, or furthering the interests of a criminal gang ... to advertise his or her presence in the community ” prong of the statute. See § 874.11 (emphasis added). But while nothing about the advertising prong ties the electronic communication to a criminal activity, the prong that criminalizes “benefiting, promoting, or furthering the interests of a criminal gang ... to intimidate or harass other persons ” prohibits identifiable criminal conduct on its face. Id. (emphasis added); see, e.g., § 784.048, Fla. Stat. (2012), (prohibiting the harassment of a specific person using electronic communications).[3] Furthermore,
[w]hen a part of a statute is declared unconstitutional the remainder of the act will be permitted to stand provided: (1) the unconstitutional provisions can be separated from the remaining valid provisions, (2) the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void, (3) the good and the bad features are not so inseparable in substance that it can be said that the [l]eg-islature would have passed the one without the other [and], (4) an act complete in itself remains after the invalid provisions are stricken.
Smith v. Dep’t of Ins., 507 So.2d 1080,1089 (Fla.1987) (quoting Cramp v. Bd. of Pub. Instruction of Orange Cnty., 137 So.2d 828, 830 (Fla.1962)). Here, because the two prongs of the statute are independent, when the portion of the overbroad “advertising” prong of the statute is removed, a statute that is narrowly tailored to prevent the furtherance of the interests of a gang by using electronic communications to intimidate or harass others remains. Whether the gang’s interests that are being furthered under this prong of the statute are criminal in nature makes no difference because the identifiable intimidation or harassment of others itself constitutes a prohibitable criminal act without also criminalizing otherwise innocent, protectable speech.
The same severability argument applies to Enoch’s determination that section 874.11 violates the due process clause by criminalizing innocent conduct. See 95 So.3d at 363-64. In Enoch, the First Dis *589 trict concluded that the two clauses of the statute “cannot be viewed in isolation. Rather, the language must be construed together — within the entire context of the provision and the stated legislative concerns and understood intent — in a manner that will neither attribute an absurd intent to the [^legislature nor lead to an absurd result.” Id. at 363 (citing Kasischke v. State, 991 So.2d 803, 813-14 (Fla.2008)). But we conclude that the type of analysis set forth in Kasischke is not applicable to the statute that we are addressing because severing these clauses would render neither the legislature’s intent nor the result absurd.[4]
For these reasons we find one portion of the statute unconstitutional on its face in reliance on Enoch but save the remaining portion under the principle of severability. Accordingly, we reverse the judgment and sentence entered following Figueroa-Santiago’s plea and remand the matter to the trial court for further consideration consistent with this opinion. On remand the trial court should reconsider the motion to dismiss in relation to the remaining portion of the statute if the State wishes to pursue charges based on the remaining portion of the statute.
We note that Figueroa-Santiago raises a facial challenge to the statute based on vagueness which Enoch also addresses as an issue of standing. See 95 So.3d at 364-66. The record before us in the instant case, however, does not supply the facts that would be necessary for us to address the standing issue in the way discussed by Enoch. Furthermore, based on our remand for consideration of whether the State may choose to proceed with the charges against Figueroa-Santiago under the remaining portion of the statute, addressing the vagueness issue as applied to Figueroa-Santiago at this time would be premature.
Reversed and remanded; conflict certified.
KHOUZAM and BLACK, JJ., Concur.

. It is not clear why Figueroa-Santiago did not present an as-applied challenge to this statute, but for whatever reason, he only challenged the statute's constitutionality on its face before the trial court. Furthermore, in entering his plea, he specifically reserved the right to challenge the facial constitutionality of the statute and raised only facial challenges in his appellate briefs.

. " 'At common law, the general rule was that guilty knowledge or mens rea was a required element in the proof of every crime.' Wegner v. State, 928 So.2d 436, 438 (Fla. 2d DCA 2006). In fact, 'because of the strength of the traditional rule that requires mens rea, offenses that require no mens rea are generally disfavored.' State v. Giorgetti, 868 So.2d 512, 515 (Fla.2004).” Franzone v. State, 58 So.3d 329, 334 (Fla. 2d DCA 2011).

. We note that the language of section 874.11 would not necessarily have to limit the intimidation or harassment of others for the purpose of benefiting or promoting the gang to the specific individuals identified by section 784.048 in order to overcome this facial challenge and constitute a statute that is narrowly tailored to prevent an identifiable crime.

. In Kasischke, the analysis involved whether a qualifying clause applied only to the antecedent clause or to the other provisions of the statute, and the determination included the significance in the placement of a comma. 991 So.2d at 812. These details do not apply to section 874.11, and we conclude that Ka-sischke does not limit our ability to view the clauses as independent prongs.