996 So.2d 132 (2008)
Demetry KENDRICK, Lora Kendrick and Curtis Kendrick, Appellants,
v.
MISSISSIPPI FARM BUREAU INSURANCE and Derrick Vance, Appellees.
No. 2007-CA-00121-COA.
Court of Appeals of Mississippi.
September 16, 2008.
Rehearing Denied December 16, 2008.
*133 Greta Regina Johnson, attorney for appellants.
Dale Gibson Russell, Ellen Patton Robb, Ridgeland, attorneys for appellees.
Before MYERS, P.J., CHANDLER and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. This appeal arises out of an automobile accident that occurred on October 3, 2001, involving Demetry Kendrick's automobile and a vehicle driven by Darin Hamby, who was undisputably at fault in the accident. Mississippi Farm Bureau Insurance (Farm Bureau) and its claims adjustor, Derrick Vance, were then sued for punitive and other damages in the Circuit Court of Hinds County. The circuit court granted summary judgment. Demetry and her parents, Lora and Curtis Kendrick (the Kendricks), bring an appeal from this judgment.
¶ 2. On appeal the following issues were raised by the Kendricks:
1. Whether there is a viable claim for punitive damages.
2. Whether there exists a genuine issue of material fact as to a claim of injury and damages.
¶ 3. The second issue is neither discussed in the Kendricks' brief nor supported by any authority. Consequently, this issue is deemed abandoned and is not properly before the Court on appeal. See Davis-Everett v. Dale, 926 So.2d 279, 281-82(¶ 5) (Miss.Ct.App.2006).

FACTS
¶ 4. Lamarka Kendrick was driving his sister's 1996 Nissan Maxima when he was involved in an accident with a vehicle driven by Hamby. Hamby was presumed to have insurance with United States Automobile Associated (USAA). The Kendricks submitted their claim for damages to USAA.
¶ 5. At the time of the accident, the Kendricks thought that they had coverage with Farm Bureau. However, the policy had lapsed for non-payment of premium. The premium was due on September 10, 2001, and was not paid until after the accident had occurred. At the time of the accident, both Demetry and Lamarka resided in Terry, Mississippi in the household of their parents, Curtis and Lora. Curtis also had full coverage on three other vehicles with Farm Bureau, including uninsured motorist coverage.
*134 ¶ 6. The claim was initially filed with Farm Bureau on October 26, 2001, and received by Vance on October 29, 2001. Once he processed the claim, Vance discovered that the policy was not in effect at the time of the accident. He suggested to the Kendricks that they should continue to pursue their claims against Hamby's possible insurance carrier, USAA. A letter from Vance was sent to Curtis on November 1, 2001, which also stated that "the Kendricks [should] continue seeking their property damage claim with USAA so that you can get your property damage taken care of."
¶ 7. On November 1, 2001, USAA made a determination that there was no coverage available to Hamby, who had secured the vehicle from his brother-in-law, Matthew Sherrard. Sherrard was the USAA policy holder and had transferred the vehicle, but not the rights under the policy, to Hamby. A letter denying coverage was sent to Lamarka and Demetry and to the USAA insured. There is no indication in the record that Farm Bureau was advised of the denial until October 2002.
¶ 8. On March 7, 2002, Don Evans, who was Lamarka and Demetry's attorney at the time, sent a letter to Farm Bureau advising them of his representation. By letter dated March 14, 2002, Farm Bureau advised Evans that there was no coverage under the policy on the 1996 Nissan Maxima at the time of the accident. Previously, in February 2002, Evans had been advised by USAA that the claim was denied, but this information was not given to Farm Bureau or Vance.
¶ 9. In October 2002, Vance was notified that USAA had denied coverage, and an uninsured motorist property damage claim was opened by Farm Bureau for the damage to the Maxima. Vance received facsimile correspondence, including the denial letter, from Demetry on October 16, 2002. A payment was tendered to Demetry from Farm Bureau in November 2002. The complaint alleging bad faith delay in payment was filed on September 7, 2004.

DISCUSSION
¶ 10. Rule 56(c) of the Mississippi Rules of Civil Procedure provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Caldwell v. Alfa Ins. Co., 686 So.2d 1092, 1095 (Miss.1996). The burden of demonstrating that no genuine issue of fact exists is on the moving party, and the nonmoving party will be given the benefit of the doubt. Mantachie Natural Gas Dist. v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992).
¶ 11. In order to recover punitive damages for "bad faith" from the insurer, "the insured must prove by a preponderance of evidence that the insurer acted with (1) malice, or (2) gross negligence or reckless disregard for the rights of others." Universal Life Ins. Co. v. Veasley, 610 So.2d 290, 293 (Miss.1992). "If the insurer had a legitimate or arguable reason to deny payment of [the] claim, then the [court] should refuse to grant a punitive damage instruction." Id. "Arguable reason" has been defined as "nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to the heightened level of an independent tort." Pioneer Life Ins. Co. of Illinois v. Moss, 513 So.2d 927, 930 (Miss.1987).
¶ 12. The standard of review of an order granting summary judgment is de novo. Caldwell, 686 So.2d at 1095. This Court finds that the circuit court properly *135 granted the summary judgment in this case using the criteria set forth in Mississippi Rules of Civil Procedure 56(c). The evidence in this case, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that summary judgment was properly granted. See Caldwell, 686 So.2d at 1095.
¶ 13. Mississippi's uninsured motorist statute defines an uninsured motor vehicle as a "motor vehicle as to which there is such insurance in existence, but the insurance company writing the same has legally denied coverage thereunder...." Miss. Code Ann. § 83-11-103(c)(ii) (Rev.1999). It is the contention of the Kendricks that Farm Bureau or its claims adjustor had knowledge or reason to know of the uninsured motorist claim prior to October 2002. If that is the case, then the Kendricks should have pointed to some evidence in the record where this "knowledge" can be demonstrated. Our review of the record is consistent with the view that Farm Bureau had no knowledge prior to October 2002 that an uninsured motorist claim was appropriate. Also, the Kendricks bore the responsibility to show that Farm Bureau acted with malice, or gross negligence or reckless disregard for the rights of others so as to rise to the level of an independent tort. Again, there is nothing in the record before this Court to suggest such conduct on the part of Farm Bureau.
¶ 14. The Kendricks filed a claim with Farm Bureau on November 1, 2001, because USAA "was taking too long," not because the claim had been denied. The Kendricks did not request uninsured motorist coverage from Farm Bureau at that time. Since there was no insurance coverage under the policy on the Maxima, and there was no indication from the Kendricks that USAA had denied the claim, Farm Bureau properly did not pursue the Kendricks' claim at that time.
¶ 15. The question of whether Farm Bureau and its agent had a legitimate or arguable reason for their actions is a question of law for the court. Jenkins v. Ohio Cas. Ins. Co., 794 So.2d 228, 232-33(¶ 18) (Miss.2001) (citing Life & Cas. Ins. Co. v. Bristow, 529 So.2d 620, 623 (Miss.1988)). "In the event the trial court determines that as a matter of law it cannot hold that the insurer had a legitimate and arguable defensive position, but that the evidence constituted disputed facts as to whether or not such situation existed, then the trial court should submit that issue to the jury." Reserve Life Ins. Co. v. McGee, 444 So.2d 803, 809 (Miss.1983).
¶ 16. We find Jenkins instructive. In that case, the liability insurer, Farm Bureau, requested a declaratory judgment to determine what coverage, if any, was owed to its insured for damages resulting from his intentional act of forcing the plaintiff's vehicle off the road. The court ruled that no liability coverage existed. The plaintiff's insurer, Ohio Casualty, paid uninsured motorist coverage approximately one month later. The Mississippi Supreme Court found Ohio Casualty had a legitimate or arguable reason to deny payment of the uninsured motorist claim until it was informed of Farm Bureau's denial of coverage. Accordingly, there was no jury question regarding punitive damages, and the trial court properly granted summary judgment in favor of Ohio Casualty. Jenkins, 794 So.2d at 233(¶ 18); see also Caldwell, 686 So.2d at 1095-96.
¶ 17. In the case at bar, until Farm Bureau had knowledge that USAA had denied coverage, it had no reason to believe that there was an uninsured motorist claim. There was no contrary evidence that Farm Bureau was aware of the denial until October 2002, approximately one year *136 after the accident. Accordingly, as a matter of law, Farm Bureau had a legitimate or arguable reason not to pursue the uninsured motorist claim sooner.

CONCLUSION
¶ 18. The Kendricks have agreed that there was no insurance coverage on the vehicle involved in the October 2001 accident due to non-payment of the premium. There is no indication in the record that Farm Bureau was aware that there was uninsured motorist coverage available under another policy until October 2002 when given notice that the accident claim had been denied by USAA. The uninsured motorist claim was paid in November 2002. The circuit court properly granted the motion for summary judgment, and we affirm.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.